UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JOSE LUIS MARQUEZ CRUZ,
on behalf of himself and all other similarly
situated employees,

       Plaintiff,

v.                                                                        Case No. 20-2045

CASA MEXICANA OF PERKINS POPLAR INC.,
MARTIN MUÑOZ, and FELIPE GUZMAN,

       Defendants.

---

### COLLECTIVE ACTION COMPLAINT UNDER THE FLSA

---

Plaintiff Jose Luis Marquez Cruz, on behalf of himself and all others similarly situated, files this Collective Action Complaint against Defendants Casa Mexicana of Perkins Poplar Inc., Martin Muñoz, and Felipe Guzman under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for failure to pay overtime compensation and the applicable minimum wage.

### I. JURISDICTION

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

### II. FACTS

2. Plaintiff Jose Luis Marquez Cruz is an adult resident of Memphis, Tennessee. Plaintiff has been employed by and worked for Defendants as a server since approximately January 2018. At all relevant times, Mr. Marquez Cruz was qualified as an employee under the FLSA, 29 U.S.C. § 203(e)(1).

3. Defendant Casa Mexicana of Perkins Poplar Inc. ("Casa Mexicana") is a for profit corporation formed and organized under Tennessee state law and currently conducting business as a restaurant at 535 Perkins Ext., Suite 100, Memphis, TN 38117.

4. At all relevant times herein, Defendant Casa Mexicana was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Defendant Casa Mexicana is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

6. Defendant Casa Mexicana is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Specifically, Casa Mexicana is a Mexican Restaurant and has annual sales of not less than $500,000.

7. Defendant Martin Muñoz is the owner of Defendant Casa Mexicana, and at all times herein, Defendant Muñoz has been the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d), since he has acted directly in the interest of Defendant Casa Mexicana in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at the required overtime and minimum wage rates. Defendant Muñoz is believed to be a resident of Memphis, Tennessee.

8. Defendant Felipe Guzman is the manager of Defendant Casa Mexicana and at all times herein, Defendant Guzman has been the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d) since he has acted directly in the interest of Defendant Casa Mexicana in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at the required overtime and minimum wage rates. Defendant Guzman is believed to be a resident of Memphis, Tennessee.

9. Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under 29 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto as Exhibit A.

10. Defendants hired Plaintiff and those similarly situated (as defined below as the Putative Collective) to work as servers at Casa Mexicana, located at 535 Perkins Ext., Suite 100, Memphis, TN 38117, during the applicable statutory period.

11. Plaintiff and similarly situated servers are compensated $2.13 per hour plus tips. Plaintiff and similarly situated servers are also required to contribute to a tip pool.

12. Plaintiff and similarly situated servers are "tipped employees" within the meaning of the FLSA in that they customarily and regularly received more than $30 a month in tips. 29 U.S.C. § 203(t).

13. The FLSA requires covered employers, such as Defendants, to compensate all employees at a minimum hourly wage of $7.25 per hour and all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

*A. Invalid 3(m) Tip Credit*

14. As to tipped employees, Section 3(m) of the FLSA permits such employers to

take a tip credit toward its minimum wage obligation for tipped employees and compensate tipped employees at a minimum hourly wage of $2.13 per hour with a maximum tip credit of $5.12 per hour.  29 U.S.C. §203(m); 29 C.F.R. § 531.59(b).

15.     Under the FLSA, employers utilizing the tip credit for tipped employees must pay one and one-half times the minimum wage rate of $7.25 less the maximum tip credit of $5.12 per hour ($7.25 x 1.5 = $10.88 - $5.12 = $5.76 per hour) for all hours worked in excess of forty hours in a work week).  29 C.F.R. § 531.60.

16.     Prior to using the tip credit, an employer must inform, either orally or in writing, its tipped employees of the requirements of using the tip credit under section 3(m) of the FLSA.  If the employer fails to inform its tipped employees of those requirements, it must pay the tipped employee at least $7.25 per hour and allow the tipped employee to keep all tips received.

17.     While all tips received by a tipped employee must be retained by that employee, employers are permitted to implement a policy of pooling tips from the tipped employees and providing them to other employees who "customarily and regularly receive tips."  29 U.S.C. 203(m)(2)(A)(ii).  An employer, however, cannot retain for its own use tips contributed to a "tip pool."  Id.

18.     During the applicable statutory period, Defendants suffered and permitted Plaintiff and others similarly situated to work as tipped employees without informing them of the requirements of using the FLSA's section 3(m) tip credit.  Thus, Defendants were not permitted to use the tip credit in paying Plaintiff and similarly situated servers.

### B. Improper Tip Pool

19.     Beginning in or around January 2018 and until October 2018, Mr. Marquez Cruz worked part-time, or twenty-four (24) hours per week, for Defendants.  In that time, Plaintiff was

paid $2.13 per hour plus tips received. During that period and throughout Plaintiff's employment, Defendants required Plaintiff and similarly situated servers to contribute to a "tip pool" in an amount ranging from $10-35 per shift.

20. The tips contributed to the "tip pool," however, were not given directly to the food runners, bussers, or individuals who brought chips and salsa to table ("*chiperos*") for whom they were intended. Those pooled tips were instead retained by Defendants. Instead, Defendants paid the runners, bussers, and *chiperos* a set salary.

21. Defendants invalidated the "tip pool" by improperly retaining Plaintiff's tips and the tips of those similarly situated for their own use.

### C. Failure to Pay Minimum Wage and Overtime Compensation

22. From October 2018 until the end of November 2018, Mr. Marquez Cruz worked seven (7) days per week (Monday-Thursday 10:00 a.m. to 10:00 p.m. with a 2-hour break; Friday-Saturday 10:00 a.m. to 11:00 p.m. with no break; Sunday 10:00 a.m. to 10:00 p.m. with no break) or approximately 78 hours per week. As compensation, Mr. Marquez Cruz received only $2.13 per hour for the first 40 hours plus tips. He did not receive any compensation for time worked in excess of forty (40) hours per week other than tips.

23. Beginning in December 2018 until January 2019, Mr. Marquez Cruz worked six (6) days per week (Tuesday-Thursday 10:00 a.m. to 10:00 p.m. with a 2-hour break; Friday-Saturday 10:00 a.m. to 11:00 p.m. with a 2-hour break on Friday but no break on Saturday; Sunday 10:00 a.m. to 10:00 p.m. with no break) or sixty-six (66) hours per week. As compensation, Mr. Marquez Cruz received only $2.13 per hour for the first 40 hours plus tips. He did not receive any compensation for time worked in excess of forty (40) hours per week other than tips.

24. From January 2019 until the present Mr. Marquez Cruz works six (6) days per week (Tuesday-Thursday 10:00 a.m. to 10:00 p.m. with a 2-hour break; Friday 10:00 a.m. to 11:00 p.m. with a two-hour break; Saturday 3:00 p.m. to 11:00 p.m.; Sunday 10:00 a.m. to 10:00 p.m. with no break) or sixty-one (61) hours per week. As compensation, Mr. Marquez Cruz received only $2.13 per hour for the first 40 hours plus tips. He did not receive any compensation for time worked in excess of forty (40) hours per week other than tips.

25. As a result of Defendants' pay policies as applied to Plaintiff and those similarly situated, Defendants were/are not entitled to take the tip credit under section 3(m) of the FLSA.

26. The exact amounts of unpaid minimum wage and overtime compensation owed to Mr. Marquez Cruz and those similarly situated are not presently known but will be determined through discovery. At this juncture, Plaintiff Marquez Cruz estimates that he was deprived of minimum wage and overtime compensation during the applicable statutory period of approximately $45,000.00.

27. As a result of their actions and the conduct described above, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 206(a)(1) and § 207(a)(1), with respect to Plaintiff and similarly situated tipped servers. Thus, Plaintiff and those similarly situated suffered a loss of wages.

28. Further, by failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and those similarly situated, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

29. Defendants and their affiliated restaurants have previously been investigated and

fined by the U.S. Department of Labor for failing to comply with the FLSA in the same or similar manner as described in the foregoing paragraphs.

30. Defendants have previously been sued by individual plaintiffs regarding the same or similar violations of the FLSA as described in the foregoing paragraphs.

31. Thus, the foregoing conduct on the part of Defendants constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

### III. COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

33. Plaintiff files this action on behalf of himself and all similarly situated individuals. The proposed FLSA Putative Collective is defined as follows:

   a. All persons who worked as servers receiving tips or in similar positions for Defendants at any time since three years prior to the filing of this Complaint.

34. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). See Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

35. During the applicable statutory period, Defendants retained tips pursuant to an invalid "tip pool" and improperly applied the 3(m) tip credit to Plaintiff and the Putative Collective;

36. As a result of Defendants' pay policies, Plaintiff and the Putative Collective's hourly wage and the hourly wage is/was less than the applicable minimum wage. Plaintiff and the Putative Collective's were never compensated at a rate of one and one-half times the regular rate of pay for those hours over forty (40) hours. Plaintiff and the Putative Collective are entitled

to reimbursement for all tips contributed to the tip pool.

37. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the Putative Collective.

38. Accordingly, notice should be sent to all similarly situated tipped servers. There are numerous servers who have suffered from Defendants' pay practices and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join. Those similarly situated servers are known to Defendants and are readily identifiable through their records.

### IV. COUNT I
### FEDERAL MINIMUM WAGE AND OVERTIME VIOLATIONS
(Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)
*On Behalf of Plaintiff and Similarly Situated Tipped Servers*

39. Plaintiff, individually and on behalf of similarly situated tipped servers, re-alleges and incorproates by reference the above paragraphs as if fully set forth herein.

40. The FLSA requries covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a work week. 29 U.S.C. § 207.

41. Defendant Casa Mexicana is a covered "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

42. Defendants Martin Muñoz and Felipe Guzman are employers as defined by the FLSA, 29 U.S.C. § 203(d).

43. Plaintiff and the Putative Collective qualify as non-exempt covered employees. 29 U.S.C. § 203(e)(1).

44. During the applicable statutory period, Defendants improperly applied the

8

FLSA's 3(m) tip credit, improperly retained tips from tipped employees, failed to pay Plaintiff and the Putative Collective the federally prescribed minimum wage, and failed to pay Plaintiff and the Putative Collective for all of the overtime hours as required by the FLSA.

45. Defendants have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the Putative Collective.

46. Defendants knew Plaintiff and the Putative Collective worked minimum wage and overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the Putative Collective with wages at the required overtime rates. 29 U.S.C. § 255.

47. Defendants' willful failure and refusal to pay Plaintiff and the Putative Collective's overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

48. As a direct and proximate result of these unlawful practices, Plaintiff and the Putative Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid minimum wage and overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## V. PRAYER FOR RELIEF

49. WHEREFORE, Plaintiff, individually and on behalf of the Putative Collective, pray for relief as follows:

    a. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

    b. Judgment against Defendants for violation of the minimum wage and overtime provisions of the FLSA;

    c. Judgment that Defendant's violations as described above were willful;

    d. An award in an amount equal to Plaintiff's and those similarly situated's unpaid back wages at the applicable minimum wage and overtime rates;

    e. An award to Plaintiff and those similarly situated for liquidated damages and civil penalties where provided by law;

    f. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

    g. An award of prejudgment interest and post-judgment interest as provided by law;

    h. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

    i. Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

    j. An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

    k. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Respectfully submitted,

/s/Bryce W. Ashby
William B. Ryan – TN Bar #20269
Bryce W. Ashby – TN Bar #26179
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
bryce@donatilaw.com

ATTORNEYS FOR PLAINTIFF